## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **CRIMINAL NO.  21-cr-00232(CRC)** |
| : | |
| **RICHARD MICHETTI,** : | |
| **Defendant.** : | |

### <u>CONSENT MOTION TO CONTINUE THE STATUS HEARING</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Consent Motion to Continue the Status Hearing before this Court.  In support thereof, the government states as follows:

1.      On December 17, 2020, the Chief Judge issued a Standing Order. *See In Re: Sixth Extension of Postponed Jury Trials Due to Ongoing Exigent Circumstances Caused COVID-19 Pandemic*, Standing Order 20-93(BAH) (December 17, 2020). Citing the recent surge in the infection and mortality rates in the District of Columbia, this Standing Order tolled the time period for commencing the trial of a defendant, pursuant to 18 U.S.C. § 3161(c), from January 11, 2021 to March 15,  2021.  *Id.*

2.      On February 23, 2021, the Defendant was arrested and charged via Criminal Complaint with violating 18 U.S.C. §§ 1752(a)(1) and (2), 40 U.S.C. §§ 5104(e)(2)(D) and (G), and other related charges in connection with the breach of the United States Capitol on January 6, 2021.  Following an Initial Appearance in the Eastern District of Pennsylvania, the Defendant first appeared in the District of Columbia on March 1, 2021. Upon a joint, oral motion by the parties, this Court ruled that the time period between March 1, 2021 and April

14, 2021 would be excluded from calculating the date for Speedy Trial in the Interest of Justice. The Court adjourned this matter for a Preliminary Hearing.

3. On March 5, 2021, the Court issued a new Standing Order, which allows for the limited resumption of jury trials. However, the Chief Judge has ordered that for all trials that cannot be tried with consistently with the health and safety protocols laid out in the Order, the time period between March 17, 2021 and August 31, 2021 is excluded under the Speedy Trial Act. *In re: Limited Resumption of Criminal Jury Trials in Light of Current Circumstances Relating to the Covid-19 Pandemic*, Standing Order 21-10(BAH) (March 5, 2021).

4. On March 19, 2021, the Defendant was Indicted for violating 18 U.S.C. §§1512(c)(2) and 1752(a)(1) and (2), and 40 U.S.C. §§ 5104(e)(2)(D) and (G).

5. The Government has provided the Defendant with "informal" discovery, related to his individual case on three separate occasions. Additionally, the Government continues to make production of materials relevant to the broader investigation into the activities at the Capitol on January 6, 2021 available for defense counsel on a rolling basis.

6. On August 24, 2021, the parties appeared before the Court for a Status Conference. The Government represented that the current plea offer involved the Defendant to plead guilty to Count 1 of the Indictment, a felony. Defense counsel asked the Government for additional time to allow the Defendant to produce mitigation evidence that the Government could review and consider when determining an appropriate resolution to the matter. This Court adjourned the Status Conference until October 14, 2021, and rule that the time period between August 24, 2021 and October 14, 2021 shall be excluded from calculating the date for Speedy Trial in this matter.

7.     On August 25, 2021, the Chief Judge issued the current Standing Order, which continues the limited resumption of jury trials.  The Chief Judge has ordered that for all trials that cannot be tried with consistently with the health and safety protocols laid out in the Standing Orders, the time period between August 31, 2021 and October 31, 2021 shall be excluded under the Speedy Trial Act.  *In re: Updated Status of Court Operations, Including Jury Trials…*Standing Order 21-47(BAH) (August 25, 2021).

8.     The parties have conferred and defense counsel has requested additional time to provide potential mitigation evidence to the Government, in an effort to resolve this matter short of trial.  The Defendant consents, pursuant to the CARES Act, to the parties appearing via VTC for this purpose.  The parties are requesting that the Status Conference be continued for 30 days.

9.     Pursuant to 18 U.S.C. § 3161, the parties agree that the time period from October 14, 2021 until the next Court date are excluded from calculating the date for Speedy Trial in this matter.  The parties will use this time for defense counsel to continue to review the discovery produced by the Government, and to attempt to continue communications in an effort to resolve this matter without the necessity of trial.

Respectfully submitted,
CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar. No. 415793


By:     /s/ Amy E. Larson
        AMY E. LARSON
        Assistant United States Attorney
        N.Y. Bar No. 4108221
        U.S. Attorney's Office
        555 4th Street, N.W.
        Washington, D.C. 20530
        202-252-7863
        Amy.Larson2@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 21-CR-00232(CRC)** |
| | : | |
| **RICHARD MICHETTI,** | : | |
| **Defendant.** | : | |

**ORDER**

   This matter having come before the Court pursuant to a Motion for an Initial Appearance, upon consent, it is therefore

   ORDERED that the parties shall appear for an Initial Appearance at_____ on November__, 2021.  It is further

   ORDERED that consistent with Standing Order No. 21-47, and the reasons stated in the Consent Motion filed by the parties, the interests and ends of justice are best served and outweigh the interests of the public and the defendant in a speedy trial. Pursuant to 18 U.S.C. § 3161, the time from October 14, 2021 until November ____, 2021 shall be excluded in computing the date for speedy trial in this case.

               _____
               The Honorable Judge Christopher R. Cooper